GEORGE T. COBB & others *vs.* LEMUEL ARNOLD.

A judgment recovered by a plaintiff, in an action for use and occupation of real estate, is admissible in evidence against the defendant on the trial of a writ of entry, brought against him by the plaintiff in the former action, tc recover possession of the same real estate.

A tenant of real estate, who enters under a parol demise from A., and holds over, cannot defeat a writ of entry brought by A. to recover possession of the demised premises, by setting up a conveyance of the premises, made by himself to B., after the demise, and a subsequent holding by him under B.

WRIT OF ENTRY, dated October 28th 1844, brought by the four minor children and heirs at law of D. G. W. Cobb,

deceased, to recover a tract of about thirty acres of land in Taunton, called "The Glebe." The action was commenced by the demandants' mother, and was afterwards prosecuted by one of them, who has since come of age, and by the guardian of the others. The tenant filed a specification of defence, giving notice that he should deny the seizin of the demandants; and he further gave notice, by way of special non-tenure and disclaimer, that he claimed to hold the demanded premises under Annis Lincoln, who was seized thereof. The trial was before *Shaw*, C. J. who made the following report:

The demandants opened their case by stating that in 1743 a conveyance was made, by Thomas Cobb, to certain persons, as wardens and otherwise interested in an episcopal church, called St. Thomas' Church, situated at Three Mile River, in Taunton; and a deed to that effect was offered in evidence. There was also evidence tending to prove that the land was held, and let from time to time, by persons claiming to be church wardens, or acting for the use and benefit of said church, until 1816, when the old church edifice was demolished by a storm; and that no church was afterwards erected at the same place, though the glebe lands were let, for some years after, by persons claiming to be church wardens, and for some time were hired by the tenant and Asa Arnold.

The demandants offered in evidence *St.* 1819, *c.* 105, and *St.* 1832, *c.* 123, each entitled "An Act to incorporate the Episcopal Church of St. Thomas, in Taunton;" the latter statute partially repealing and modifying the former. The tenant denied that the latter corporation, though of the same name, was the successor of the former, or had any connexion with it, or was entitled to its property, or to any property held in trust for it. In consequence of the course which the cause took, it was not thought necessary to express any opinion upon this subject, nor further to follow down the ancient title, as derived from the deed of Thomas Cobb.

There was evidence tending to show that, in 1828, the

demanded premises were offered for sale at auction, and were purchased by Francis Baylies; but no evidence was given of any authority of those who offered it for sale, or of their title, or of any deed to said Baylies. But the said Baylies testified that he and D. G. W. Cobb, the demandants' ancestor, agreed to purchase the said premises; that he bid them off at the sale, and afterwards, in pursuance of an agreement to that effect, conveyed the whole thereof to said Cobb, by a quitclaim deed, (which the demandants gave in evidence,) dated September 3d 1830, duly acknowledged and recorded.

The demandants then called Samuel Crocker, their grandfather, as a witness; and he testified that in the spring of 1832, after the decease of said D. G. W. Cobb, the tenant came to him, and said he had been to Mrs. Cobb, the demandants' mother, to hire the Glebe Farm, and that she had referred him to the witness, saying, " if he has not let it, you may have it ; " that the witness told the tenant he might have it for $30 yearly rent; that the tenant said it was too high, and that the witness told him he should have it for $24, and he agreed to it.

The demandants also gave in evidence a judgment recovered by them against the tenant, at the October term of this court, in 1844, in the county of Bristol, for use and occupation of the demanded premises, from 1841 to 1842. See 8 Met. 398. Also evidence of notice to quit, given by them to the tenant, on the 13th of April 1844.

The tenant, under his specifications of defence and notice, to prove a title in Annis Lincoln, under whom he held, gave in evidence a deed of conveyance of the demanded premises from himself to said Lincoln, dated September 13th 1842, purporting to be made in consideration of $300, with covenants of seizin and warranty.

Asa Stacy, a witness called by the tenant, testified that the tenant occupied the " Glebe Lot," as long ago as 1819, and that the witness had worked on it for him, in mowing grass and making fences.

Lemuel Arnold, jr., son of the tenant, testified that, at his

first recollection, his father and uncle worked together on the said lot, and divided the proceeds.

Upon this evidence, the jury were instructed that the question between the parties did not depend upon the conveyance of 1743, made by Thomas Cobb, to the use of an episcopal church, nor upon the respective titles of the episcopal churches; because neither of the parties had proved a title under either of them: That if, in 1832, or about that time, after the death of D. G. W. Cobb, the tenant agreed to hire the demanded premises of said Cobb's heirs, and pay rent therefor, it was an acknowledgment of their title, which he could not now contest: That if he applied to the father of Mrs. Cobb, as her agent, she acting in behalf of her minor children, and agreed to take their estate at an annual rent, it was immaterial whether she was then appointed their legal guardian or not, if she acted for them, and they afterwards, by themselves, or their guardian, ratified the act, it was sufficient, and was an acknowledgment, on his part, of their title ; and that the judgment, recovered by the demandants against the tenant, for use and occupation of the same premises, was competent evidence, from which the jury might infer a tenancy.

The jury were further instructed, in regard to the tenant's claim to hold under a paramount title of Annis Lincoln, that this defence could not be maintained by showing no other title in Lincoln, than a deed from the tenant himself, made after he had admitted the title of the demandants, by becoming their tenant; that he could convey to Lincoln only such title as he had himself ; and notwithstanding he had been in possession, prior to his thus becoming their tenant, yet if he consented to become tenant and pay rent to them, he admitted their superior title, or elder possession, at that time, and his subsequent possession, being permissive and not adverse, could found no claim of title against them.

The jury returned a verdict for the demandants. Judgment to be rendered on the verdict, if the instructions to the jury were correct ; otherwise, a new trial to be granted.

*Coffin & Pratt,* for the tenant.

*A. Bassett,* for the demandants.

HUBBARD, J.*    This case is intimately connected with the case between the same parties, reported in 8 Met. 398.   In that case, which was assumpsit for use and occupation of the premises now demanded in a writ of entry, it was proved that the defendant used and occupied the premises, holding them as tenant of the plaintiffs, on a promise to pay rent; and the court held that the defendant could not, in that action, controvert the plaintiffs' title.

In the present action, the hiring of the demanded premises by the tenant was proved, and the demandants' title was thereby acknowledged by him.   The letting was by the agent of the demandants' mother, and the act has been ratified by the guardian of the minor demandants, and by the other demandant since he came of age.

We are of opinion that the judgment in the former case was admissible in evidence, and that the jury might infer from it, that the tenant held under the demandants.

We are also of opinion that the tenant's deed to Lincoln could not pass any other title than his own, which was merely that of a tenant by sufferance.   That deed was an attempt to avoid his tenancy and the effect of his own admissions; and he cannot avail himself of it to defeat his landlords' title.   If it could be done in this case, it might in any other and the rights of landlords, which are well settled upon sound principles, would be materially affected, if not destroyed; as it would enable any tenant to dispute his landlord's title, by conveying the premises in fee, and taking a title back.

The tenant has admitted the demandants' title; he has shown no superior or elder title; and his possession was permissive, and derived from the demandants.   We are therefore of opinion that the instructions to the jury were correct, and that there must be

*Judgment on the verdict*

* *Wilde,* J. did not sit in this case.